WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert G. Armknecht, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>WebMD Practice Services, Inc.; WeMD, Inc.; John and Jane Does I-V; ABC Corporations I-V; XYZ Partnerships I-V,,<br><br>    Defendants. | No. 05-4159-PHX-ROS<br><br>**OPINION AND ORDER** |

Pending before the Court is Plaintiff's Motion to Remand and Request for Plaintiff's Attorneys' Fees and Costs. (Doc. 6) Defendants filed a Response to that motion consenting to a remand to state court but not consenting to an award of attorneys' fees. For the following reasons the Court will remand the case and award attorneys' fees.

**BACKGROUND**

On June 21, 2005, Plaintiff filed a lawsuit in Maricopa County Superior Court. That lawsuit asserted claims for unpaid wages and treble damages under Arizona Revised Statutes sections 23-350 to 23-362. (Doc. 1) On December 19, 2005, Defendants filed a Notice of Removal. (Doc. 1) In the Notice of Removal, Defendants admitted that Plaintiff's "Complaint does not include any counts under Federal law." (Id.) Defendants argued, however, that Plaintiff's mention of a federal statute in his Motion for Summary Judgment

conferred federal jurisdiction. (Id.) Plaintiff filed his Motion to Remand on December 22, 2005. (Doc. 6) That Motion argued that existing law clearly prohibited removal under the circumstances in this case. (Doc. 6, p.9) The Motion also claimed that the removal was "so without merit and authority that it more than justifies an award of attorneys' fees and costs for Plaintiff." (Id., p.10) In their Response to the Motion to Remand, Defendants stated that they consented "to Plaintiff's Motion to Remand to the extent that it returns the case to the jurisdiction of the Superior Court in and for the County of Maricopa." But Defendants did not "consent to an automatic award of . . . attorneys' fees." (Doc. 17) Defendants argued that Plaintiff should be required to comply with the Local Rule regarding attorneys' fees and they should be given a chance to respond after such compliance.

## ANALYSIS

The federal removal statute allows for the removal of a case only if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a) (allowing removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). Defendants' notice of removal was premised on federal jurisdiction existing under 28 U.S.C. § 1331. That statute provides federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to that statute, however, "federal jurisdiction exists only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint*." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added). In this case, there is no dispute that Plaintiff's complaint asserted only state law claims. Defendants' Notice of Removal claimed that the mention of a federal statute in Plaintiff's Motion for Summary Judgment was sufficient to confer federal jurisdiction. Defendants have wisely abandoned that claim and now consent to remanding this case. See Arizona Minority Coalition for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n, 284 F. Supp. 2d 1240, 1246 (D.Ariz. 2003) ("Though the Court concludes that Plaintiffs have raised federal issues in their motions for summary judgment, this alone does not create a federal question."). Accordingly, the Motion to

1  Remand will be granted. The only issue left to resolve is Plaintiff's request for attorneys' fees
2  and costs.
3      There is specific statutory support for awarding Plaintiff his attorneys' fees and costs.
4  According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of
5  just costs and any actual expenses, including attorney fees, incurred as a result of the
6  removal." The Ninth Circuit has held that fees may be awarded regardless of the "state of
7  mind or intent of the party removing the action." Balcorta v. Twentieth Century-Fox Film
8  Corp. 208 F.3d 1102, 1106 (9th Cir. 2000) (quoting Moore v. Permanente Med. Group, Inc.,
9  981 F.2d 443, 446 (9th Cir. 1992)). Defendants do not dispute that it is within the Court's
10 discretion to award Plaintiff his fees and costs. In light of the facts of this case, and in
11 an exercise of the Court's discretion, the Court will grant Plaintiff's request for attorneys'
12 fees. See Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992)
13 (holding "district court retained jurisdiction after [a] remand to entertain Plaintiffs' motion
14 for attorney's fees").
15     Plaintiff's counsel filed the appropriate documentation regarding attorneys' fees on
16 January 20, 2006. In that documentation, Plaintiff requests $6,807.25 in fees and costs.
17 According to the Local Rules, Defendants have fifteen days to submit their response to that
18 request. If Defendants choose to submit a response, that response should address only the
19 reasonableness of the amount requested *not* Plaintiff's entitlement to an award.
20     Accordingly,
21     IT IS ORDERED that Plaintiff's Motion to Remand to State Court and Request for
22 Attorneys' Fees (Doc. 6) is GRANTED. The Court will determine the amount of the award
23 after Defendants file their response or fifteen days has elapsed.
24
25 DATED this 1/30/06
26
27 Roslyn O. Silver
   United States District Judge
28

- 3 -