**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert G. Armknecht, Jr., | No. 05-4159-PHX-ROS |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| WebMD Practice Services, Inc.; WeMD, Inc.; John and Jane Does I-V; ABC Corporations I-V; XYZ Partnerships I-V,, | |
| Defendants. | |

On February 1, 2006, the Court granted Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs. (Doc. 6) Plaintiff requested $6,807.25 in fees and costs. Defendants believe that amount is excessive, and asks the Court to "reduce[] significantly" the amount awarded. For the following reasons, the Court will award Plaintiff $2,935.25.

Plaintiff is entitled to fees and costs pursuant to 28 U.S.C. § 1447(c). That statute has been interpreted "as calling for the award of *reasonable* attorney fees incurred as a result of removal." Albion Pacific Prop. Res., LLC v. Seligman, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004). To determine the proper amount of fees to award, a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. at 1167 (quoting Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)). After conducting that calculation, the court then considers whether the resulting amount

should be adjusted. Id. Pursuant to this process, the Court concludes that the amount requested by Plaintiff must be reduced.

"[T]he Court must determine whether the requested number of hours is greater than, less than or the same number of hours that reasonably competent counsel would have billed. If the requested number of hours is greater than the number of hours reasonably competent counsel would have billed, then the court should reduce the requested number of hours accordingly." Id. at 1169. In this case, Plaintiff's counsel billed for a total of 33.1 hours. Based on the complexity of this case, the issues present, and the Court's experience in other cases involving motions to remand, $6,807.25 is an excessive amount for fees and costs and 33.1 hours is an excessive amount of hours.

"Generally, motions to remand are not complex." Id. at 1173. The motion in this case was particularly straightforward because the remand was compelled by long-standing precedent. Also, Defendants did not oppose the motion, meaning no substantive reply was necessary. The Court believes that the amount of time spent by Ms. Herrera in connection to the motion to remand should be reduced from 16.0 hours to 5.0 hours. This reduction is appropriate in light of Ms. Nunn-Gilman and others assisting with research and reviewing the motion. Ms. Nunn-Gilman's time, devoted primarily to research, should also be reduced from 11.2 hours to 5 hours based on the straightforward nature of the motion. The Court believes, for similar reasons, that Ms. Jutila's time should be reduced from 3.0 hours to 1 hour. The Court finds that the other amounts of time requested are appropriate.

After determining the reasonable number of hours expended on the motion, the Court must then determine the reasonable hourly rate. Defendants did not claim that the hourly rates charged by Plaintiff's counsel were unreasonable, and the Court finds the rate reasonable. Finally, there does not appear to be any reason to adjust the fee after these calculations are conducted.

Accordingly,

- 2 -

1  **IT IS ORDERED** that Defendants shall pay Plaintiff $2,935.25[1] within thirty days
2  of the date of this Order.

3  DATED this 04/07/06 .

Roslyn O. Silver
United States District Judge

---

[1] This amount is calculated using the following figures: Mr. Armstrong, 0.4 hours totaling $118; Mr. Selden, 1.8 hours totaling $585; Ms. Herrera, 5 hours totaling $1100; Ms. Jutila, 1 hour totaling $230; Ms. Nunn-Gilman, 5 hours totaling $800; Ms. Fain, 0.7 hours totaling $101.50; $0.75 cents in costs.

- 3 -